**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| DEREK ISAAC ALLMON, SR., | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 12-0660 (ABJ) |
| UNITED STATES, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner files this petition for a writ of habeas corpus ostensibly to demand his release from custody. He proposes to reach this goal by renouncing his United States citizenship, *see* Pet. (Oath of Renunciation), declaring his "allegiance to the Republic of America (foreign continent) located in American continent," *id.*, declaring himself "dissolved nunc pro tunc to the date of birth," *id.* (Certificate of Death), and rendering himself an alien who is subject to "removal to the proper venue, Texas," *id.* (Warrant for Removal) at 3. Missing from petitioner's proposal is any acknowledgement that he is serving "several concurrent life sentences" upon his convictions "on multiple felony charges including drug trafficking, conspiracy to kill a witness, and attempting to kill a witness." *Allmon v. Bureau of Prisons*, No. 08-1183, 2010 WL 2163773, at *1 (D. Colo. May 26, 2010); *see generally United States v. Allmon*, 500 F.3d 800 (8th Cir. 2007).

It is settled that claims challenging a federal conviction or sentence must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255, which in relevant part states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a); *see Taylor v. U.S. Bd. of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (per curiam) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *see also Ojo v. Immigration & Naturalization Serv.,* 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing). Because petitioner was tried, convicted, and sentenced in the United States District Court for the Eastern District of Arkansas, *see* Pet. at 2, this district is not the appropriate forum for adjudication of petitioner's claim, *see, e.g., Miles v. Holder,* No. 12-0218, 2012 WL 447690, at *1 (D.D.C. Feb. 9, 2012).

The petition for a writ of habeas corpus will be denied. An Order accompanies this Memorandum Opinion.

AMY BERMAN JACKSON<br>
United States District Judge

DATE: May 7, 2012